IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JOHN BRAGET,                    :        CIVIL ACTION NO. **1:CV-11-2123**
                                      :
            Plaintiff                 :        (Judge Conner)
                                      :
            v.                        :        (Magistrate Judge Blewitt)
                                      :
UNITED STATES BUREAU OF PRISONS       :
ALLENWOOD, et al.,                    :
                                      :
            Defendants                :

### REPORT AND RECOMMENDATION

## I. Background.

On November 14, 2011, Plaintiff Kevin John Braget, currently an inmate at the United States

Penitentiary Hazelton, Bruceton Mills, West Virginia, and formerly an inmate at the United States

Penitentiary Allenwood, Pennsylvania ("USP-Allenwood"), filed, *pro se*, this *Bivens* civil rights action

pursuant to 28 U.S.C. § 1331.[1]  (Doc. 1).   Plaintiff filed a 3-page form civil rights Complaint along

with an attached 14-page typed Complaint.[2]  Plaintiff attached exhibits to his typed Complaint.[3]

---

[1]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91
S.Ct. 1999 (1971).   Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have
original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).
    As Plaintiff correctly indicates, this is a *Bivens* action since he seeks monetary damages
from federal officials for alleged violations of his constitutional rights. *See Butz v. Economou,* 438
U.S. 478, 504, 98 S.Ct. 2894 (1978).

[2]We shall refer to Plaintiff's 3-page form Complaint as Doc. 1 herein.  We shall refer to
Plaintiff's 14-page typed Complaint as Doc. 1A herein for identification purposes.

[3]The Court can consider Plaintiff's exhibits submitted with his Complaint for present
screening purposes.  *See Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa.
2010); *Pension Benefit Guarantee Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d

Plaintiff indicates that he did not file a grievance regarding his claim raised in this action.[4]  (Doc. 1, p. 1).  Plaintiff states that he did not file a grievance because "Tort Claim/ Staff was prejudice toward me."  (*Id.*).   Plaintiff also indicates that the grievance process available at the prison is not completed. (*Id.*).

Plaintiff filed a Motion to Proceed *in forma pauperis*.  (Doc. 2).

## II. Allegations of Complaint.

Plaintiff raises  an Eighth Amendment failure to protect claim.  Plaintiff states that during his prior confinement at USP-Terre Haute, he had a run in with a gang called the "Warrior Society" and that inmate Allen Narcia, the "shot caller" for this gang, placed "a hit" on his head to "kill him." (Doc. 1A, p. A).  Plaintiff states that a Special Investigative Services ("S.I.S.") official at USP-Terre Haute  documented  his  federal  Bureau  of  Prisons  ("BOP")  Central  File  with  respect  to this information of the threat against him by the gang and placed him the Special Housing Unit ("SHU"). Plaintiff states that he was then transferred to USP-Coleman.  From USP-Coleman, Plaintiff avers that he was transferred to USP-Beaumont and then to USP-Allenwood.  Plaintiff alleges that at USP-

---

Cir.1993).

[4]It is well-settled that the Plaintiff must exhaust all of his available administrative remedies prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*  However, Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Allenwood, he was placed in general population by the S.I.S. staff, despite their knowledge that the prison had a history of inmate assaults and despite the fact that he would face members of the "Warrior Society Gang" in general population.  Plaintiff avers that while at USP-Allenwood and in general population, he was placed in the yard with inmate Allen Narcia, the inmate who had placed the threat on his life at UPS-Terre Haute, despite all of the information that was in his BOP Central File showing that he had a gang separation and was threatened by the Warrior Society Gang. Plaintiff states that he "should have never been released from the SHU at Allenwood until S.I.S. properly reviewed [his BOP] Central Files which listed all the current information" and the reference to his Gang Separation.  (*Id*., p. 1).

Plaintiff further avers that he "was vulnerable to be assaulted by the members of ["Warrior Society Gang"], because the [USP] Allenwood S.I.S. Staff allowed him to be placed in the general population without properly investigating [his BOP] paper file ... ."  (Doc. 1A, p. A).  Plaintiff claims that the conduct of S.I.S. officials at USP-Allenwood amounted to a deliberate failure to protect his safety in violation of his Eighth Amendment rights.  (*Id*.).  Plaintiff also alleges that prison officials at USP-Allenwood failed to protect him from potential violence at the hands of other inmates. Plaintiff further claims that the prison staff negligently failed to investigate his BOP Central File, failed to review his gang separation information, and negligently placed him in the general population upon his arrival at USP-Allenwood.  Plaintiff alleges that since he was placed in general population at  USP-Allenwood by the prison's S.I.S. Special Investigation Unit without properly investigating his BOP Central File for known threats against him, the conduct of prison officials "amounted to a deliberately indifferent failure to protect [his] safety ... ."  (*Id*.).  Thus, Plaintiff

alleges that the conduct of S.I.S. staff at UPS-Allenwood violated his Eighth Amendment rights and was negligent since the staff "had full and actual knowledge of a potential danger" he faced from gang members at the prison.  Plaintiff states that his claim "concern[s] the break down in the USP Allenwood CIMS SEPARATION POLICY, S.I.S. SPECIAL INVESTIGATION SERVICES ... ."  (*Id*., p. 1).

Plaintiff then avers that on November 15, 2009, while he was exiting Compound Unit 2B/2A, his assigned quarters at USP-Allenwood, he was assaulted and stabbed five times by inmate Dustin Miller.  Plaintiff states that he sustained severe injuries from the stab wounds to his neck, upper left biceps, left hand and upper chest. (Doc. 1A, p. 2).[5]

Plaintiff states that after he was stabbed, staff at USP-Allenwood did not respond properly to his medical needs and loss of blood.  Plaintiff states that the prison staff escorted him to the medical department.  Plaintiff states that he was "misdiagnosed and placed into an unobserved cell/SHU ... ."  (*Id*., p. 3).  Plaintiff avers that after 30 minutes, he had an air bubble in his left side of his neck and face, and that another inmate pressed the emergency duress button at about 1400 hours.  Plaintiff avers that SHU staff failed to respond to the duress call, and that several inmates started to yell an inmate needed help.  Plaintiff alleges that at about 1615 hours, staff finally addressed the duress call and they informed the medical department about his condition.  (*Id*.).

---

[5]Plaintiff's exhibit attached to his typed Complaint show that he was stabbed on November 15, 2009, at USP-Allenwood by inmate Dustin Miller and that Miller later pled guilty to the assault.  *See U.S. v. Miller*, 4:10-CR-023, M.D. Pa.  Plaintiff also attached his medical records from Geisinger Medical Center for his treatment following the November 15, 2009 stabbing incident.

Thus, Plaintiff also raises an Eighth Amendment denial of proper medical care claim against USP-Allenwood SHU staff and medical staff.

Plaintiff's exhibits then indicate that prison staff took him to Geisinger Medical Center in Danville, Pennsylvania, on November 15, 2009.  Plaintiff's exhibits show that Plaintiff had surgery performed on November 16, 2009, to repair his injuries from the stab wounds.  It appears that Plaintiff was discharged from Geisinger Medical Center on November 17, 2009.

Plaintiff appears to name as Defendants "United States Bureau of [Prisons] Allenwood," USP-Allenwood Separation S.I.S., Agents of CIMS[6], and the "Special Investigate Services" at USP-Allenwood.

As relief, Plaintiff requests injunctive relief as well as compensatory and punitive damages. (Doc. 1A, pp. 3-4).  Plaintiff does not name ay individual staff member of USP-Allenwood as a Defendant, and he does not indicate if he is suing any Defendant in his official and/or personal capacities.[7]  Plaintiff seeks specific amounts of monetary damages in his Complaint.  Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief.  Pursuant to Local Rule 8.1,

---

[6]Plaintiff fails to name individual staff members at USP-Allenwood as Defendants. Rather, Plaintiff names as Defendants Agents of CIMS, and the S.I.S. Special Investigation Services.  Further, insofar as Plaintiff is naming as Defendants Agents of "CIMS," CIMS is the BOP's Central Inmate Monitoring System.  *See* BOP Program Statement 5180.05 (12-31-07).

[7]In a *Bivens* suit, Plaintiff cannot sue an individual federal Defendant for damages in his or her official capacity.  Sovereign immunity bars Plaintiff from bringing a *Bivens* action for money damages against a Defendant in his or her official capacity as a federal agent.  *See FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Lewal v. Ali*, 289 Fed.Appx. 515, 516 (3d Cir. 2008). Thus, insofar as Plaintiff is deemed as seeking damages against any Defendant in his or her official capacity, we will recommend that such claim be dismissed with prejudice.  Based on settled case law, we find futility of an amended pleading to sue any individual Defendant for damages in his or her official capacity.

M.D. Pa., we will recommend that Plaintiff's request for specific monetary damages be stricken from his Complaint.

Additionally, Plaintiff seeks damages for mental and emotional injuries. (*Id*.). Plaintiff states that the S.I.S. officer at USP-Terre Haute was aware that the Warrior Gang Society wanted him dead, and that the officer placed a document called a "CIMS Separation" in Plaintiff's BOP Central File regarding the threat by the stated gang. Plaintiff states that he had an incident with the Warrior Gang Society members at USP-Terre Haute in June 2005, and that BOP officials did not properly investigate his Central File before they transferred him from USP-Coleman to USP-Allenwood where he was placed in general population even though gang members were at this prison. Plaintiff avers that the November 15, 2009 stabbing incident at USP-Allenwood would not have occurred if the S.I.S. staff performed a proper investigation when he arrived at USP-Allenwood, and that the S.I.S. staff failed to review his file and see that he had a "CIMS Separation" with the Warrior Society Gang. (*Id*., p. 4). Plaintiff avers that both the USP-Allenwood prison and its S.I.S. staff were deliberately indifferent to his safety since they were aware of an obvious and substantial risk to his safety if he was placed in the general population of the prison which housed Warrior Society Gang members. (*Id*., p. 5).

Plaintiff also avers that the stated conduct by S.I.S. staff at USP-Allenwood "severally injured [him] mentally" and physically due to the depression and stress it caused him. (Doc. 1A, pp. 4-5).[8]

---

[8]It appears that Plaintiff may be able to seek damages for mental and emotional distress since he alleges physical injury after he was transferred to USP-Allenwood and placed in the general population. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E. D. Pa. 2009).

Moreover, insofar as Plaintiff seeks, in part, an "injunction barring [his] future confinement in any penitentiary," which relief would require his release from confinement, the law is clear that an inmate cannot challenge the length of his confinement or seek his earlier release in a civil rights action. (Doc. 1, p. 3 and Doc. 1A, p. 8). *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 1841 (1975). In *Georgevich v. Strauss*, 772 F.2d 1078, 1086 (3d Cir. 1985), the Third Circuit stated that cases in which an inmate seeks release from confinement must be brought in a habeas corpus petition. Thus, we will recommend that Plaintiff's request for injunctive relief "barring [his] future confinement in any penitentiary" be dismissed with prejudice from this *Bivens* action since Plaintiff must raise such a claim in a habeas corpus petition pursuant to 28 U.S.C. § 2241.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Further, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id.* (citations omitted). Based on well-settled case law, we find that it would be futile for the Court to allow Plaintiff to amend his instant pleading in this *Bivens* action with respect to his request for injunctive relief barring his future confinement in any prison since it is not properly asserted in a civil rights action. *See Georgevich, supra.*

This Court has jurisdiction over Plaintiff's *Bivens* civil rights action pursuant to 28 U.S.C. § 1331. *See Butz, supra.*

We will now screen Plaintiff's Complaint as we are obliged to do under the PLRA. *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).[9]

## III.  PLRA.

The Prison Litigation Reform Act of 1995,[10] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

## IV.  *Bivens* Standard.

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action.  *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200, n. 16 (M.D. Pa. 1992); *Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 457, n. 1 (M.D. Pa. 2010)(citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)).  To state a claim under *Bivens*, Plaintiff must allege that he was deprived of a federal right by a person who was acting under color of federal law.  *See Young v. Keohane*, 809

---

[9]We have been assigned his case for pre-trial matters.

[10]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

F.Supp. at 1199; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

It is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Fisher v. Matthews*, –F.Supp.2d–, 2011 WL 1982920, * 23 (M.D. Pa.) *(citing Rode, supra)*.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

## V. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*,

--- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Banks v. County of Allegheny*, 568 F.Supp.2d 588-589.

## VI. Discussion.

*1.  Defendant BOP Allenwood*

In his Complaint, as mentioned, Plaintiff names as a defendant  BOP Allenwood.  The law is clear that the BOP is not a proper Defendant in a *Bivens* action.  *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).  Thus, we will recommend that Defendant BOP Allenwood be dismissed with prejudice from this *Bivens* action.  Based on well-settled case law, we find futility of any amended pleading with respect to Plaintiff's constitutional claims asserted against Defendant BOP Allenwood under *Bivens*.  *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

*2.  Negligence Claims against the Individual BOP Employees*

As mentioned, Plaintiff raises several claims of negligence against unnamed individual employees of the BOP, including the S.I.S. staff and the medical staff at USP-Allenwood.  Plaintiff must raise his claims of negligence against only the United States in an action under the Federal Torts Claims Act ("FTCA").  This Court has jurisdiction over Plaintiff's FTCA claims against the United States pursuant to 28 U.S.C. § 1346 and § 2680.  *See Thomas v. U.S.*, 558 F. Supp. 2d 553, 554 (M.D. Pa. 2008).  However, the United States of America is the only proper Defendant in an FTCA suit, and the United States has waived sovereign immunity for an FTCA action. *Id*. at 557.  Also, the FTCA permits federal inmates to sue the United States for injuries sustained while incarcerated.  *Id*.

The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act

11

or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C. § 2675 (a).  Plaintiff cannot seek damages for personal injury caused by the negligent or wrongful act or omission of any individual employee of the BOP.  Rather, as stated, Plaintiff can only assert his negligence claims under the FTCA against the United States. *Thomas v. U.S.*, 558 F.Supp.2d at 557.

In his pleading, we find that Plaintiff has not properly asserted his negligence claims under the FTCA and against the United States, the only proper Defendant.  Thus, we will recommend that all of Plaintiff's negligence claims against the unnamed individual employees of the BOP be dismissed with prejudice from this case.  Plaintiff must file his negligence claims under the FTCA and only against the United States after he exhausts all of his tort claims with the BOP.[11]  *Id.* at 558.  Based on well-settled case law, we find futility of any amended pleading in this *Bivens* civil rights action with respect to Plaintiff's negligence claims against the unnamed individual employees of the BOP.  *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

---

[11]We note that the statute of limitations for submitting an administrative tort claim to the agency under the FTCA is two years and Plaintiff must first exhaust his tort claims with the BOP before he files an FTCA action in federal court. 28 U.S.C. § 2401(b) and § 2675(a).  *See Thomas v. U.S.*, 558 F. Supp. 2d at 557-558.  The requirement of receiving a "final denial" by the administrative agency on a FTCA claim "is jurisdictional and cannot be waived." *Bialowes v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971).

### 3. Eighth Amendment Failure to Protect Claim

We find that Plaintiff has stated a cognizable Eighth Amendment failure to protect claim regarding his allegations that the unnamed BOP staff transferred him to a prison (*i.e.* to USP-Allenwood) with Warrior Society Gang members, including inmate Narcia, that BOP staff transferred him  without reviewing his BOP Central File with the CIMS gang separation, and that S.I.S. staff at USP-Allenwood  placed him in the general population even though prison staff were aware of a risk of harm to him by gang member inmates at the prison.  As a result of this alleged deliberate indifference to his safety, Plaintiff states that he was stabbed on November 15, 2009 and injured.

The BOP has sole discretion over what prison a federal inmate is confined.  18 U.S.C. § 3621.  *See Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 470 (M.D. Pa. 2010).  However, "inmates do have a liberty interest in avoiding transfer to facilities where the conditions impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. (citation omitted).  In the present case, Plaintiff Braget alleges that BOP officials knew that he had a CIMS gang separation from the Warrior Society Gang placed in his Central File when he was at USP-Terre Haute, that  Warrior Society gang members were confined at USP-Allenwood, including inmate Narcia who placed the hit on him, and that placing him in general population at USP-Allenwood would place him at great risk to his safety.  Plaintiff alleges that despite this subjective knowledge, the BOP transferred him to USP-Allenwood and that when he arrived at USP-Allenwood, he was placed in general population, as opposed to the SHU for his own protection.  Consequently, Plaintiff avers that he was stabbed on November 15, 2009, and injured.

13

Under the Eighth Amendment, prison officials have a duty "to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997)(citations omitted). In *Glazewski v. Corzine*, 385 Fed.Appx. 83, 88 (3d Cir. 2010), the Court stated:

> To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970. "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel,* 256 F.3d 120, 133 (3d Cir.2001).

In *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001), the Third Circuit stated that:

> subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk. *See [Farmer] id.* at 842, 114 S.Ct. 1970. Finally, a defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring. *See id.* at 844, 114 S.Ct. 1970.

We will recommend that Plaintiff be permitted to amend his Complaint to name as Defendants the BOP officials at USP-Allenwood, including the S.I.S. staff, who were personally involved with his failure to protect claim and who were aware of the specific risk that Plaintiff faced in the general population at USP-Allenwood from Warrior Society gang members. Plaintiff must state which staff members at UPS-Allenwood were personally involved with respect to his above stated constitutional claim. *See Sutton v. Rasheed*, 323 F.3d at 249-250.

As mentioned, to state a claim under *Bivens*, Plaintiff must allege a constitutional deprivation caused by the exercise of some right or privilege created by the federal government,

and that the party responsible for the action was a federal actor. *See McCauley v. Computer Aid, Inc.*, 447 F.Supp. 2d 469, 473 (E.D. Pa. 2006). We do not find futility of an amended pleading with respect to Plaintiff's Eighth Amendment failure to protect claim based on the above stated case law. *See Alston v. Parker*, 363 F.3d at 235-236.

To the extent Plaintiff alleges that the S.I.S. staff at UPS-Allenwood negligently failed to review his BOP Central File and negligently placed him in the general population, based on our discussion above, we will recommend that Plaintiff's negligence claims be dismissed with prejudice from this *Bivens* case and that Plaintiff be directed to raise them in an FTCA action against the United States after he exhausts his tort claim remedies with the BOP. Based on well-settled case law, we find futility of any amended pleading in this *Bivens* civil rights action with respect to Plaintiff's negligence claims against the individual employees of the BOP. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

4. *Eighth Amendment Denial of Proper Medical Care Claim*

Plaintiff also alleges that after he was stabbed on November 15, 2009, unnamed medical staff at USP-Allenwood "did not respond properly to important medical observations" regarding his wounds and the loss of a significant amount of blood, that medical staff "misdiagnosed" him, and that medical staff placed him unobserved in an SHU cell. (Doc. 1A, p. 3). Plaintiff also avers that the unnamed SHU staff failed to timely respond to the emergency duress call placed for him by another inmate and to the hollering for help of other inmates for two hours and fifteen minutes. (*Id*.).

We find that Plaintiff has stated an Eighth Amendment denial of proper medical care claim

15

against medical staff and SHU staff at USP-Allenwood. However, we will recommend that the

Plaintiff be directed to file an Amended Complaint to state the names of the medical staff members

and the SHU staff members who allegedly failed to provide him with timely and proper medical

care for this stab wounds. Plaintiff must state which staff members at USP-Allenwood were

personally involved with respect to his above stated constitutional claim. *See Sutton v. Rasheed*,

323 F.3d at 249-250. We do not find futility of an amended pleading with respect to Plaintiff's

Eighth Amendment denial of proper medical care claim based on well-settled case law. *See Alston*

*v. Parker*, 363 F.3d at 235-236.

In *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999), the Third Circuit stated:

> The Eighth Amendment prohibits the imposition of "unnecessary and
> wanton infliction of pain contrary to contemporary standards of decency." *See*
> *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In
> *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme
> Court held that the Eighth Amendment's prohibition against cruel and unusual
> punishment requires prison officials to provide basic medical treatment to those
> whom it has incarcerated. The Court articulated the standard to be used:
>
> > In order to state a cognizable claim, a prisoner must allege acts or
> > omissions sufficiently harmful to evidence deliberate indifference to
> > serious medical needs. It is only such indifference that can offend
> > "evolving standards of decency" in violation of the Eighth
> > Amendment.
>
> *Id*. at 106, 97 S.Ct. 285. Therefore, to succeed under these principles, plaintiffs must
> demonstrate (1) that the defendants were deliberately indifferent to their medical
> needs and (2) that those needs were serious. *See id*.

Plaintiff alleges that unnamed SHU staff and unnamed medical staff at USP-Allenwood were

deliberately indifferent to his serious medical needs after he was stabbed on November 15, 2009.

We find that Plaintiff has stated an Eighth Amendment denial of proper medical care claim, but that

he has failed to name as Defendants the prison staff personally involved with this claim.  *See Rouse v. Plantier,* 182 F.3d at 197 (citing *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970 (1994)("it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm")).  Thus, we will recommend that Plaintiff be permitted to amend his Complaint with respect to his Eighth Amendment denial of proper medical care claim.

To the extent Plaintiff alleges that the medical staff at USP-Allenwood were negligent and misdiagnosed him, based on our discussion above, we will recommend that Plaintiff's medical negligence claims be dismissed with prejudice from this *Bivens* case and that Plaintiff be directed to raise them in an FTCA action against the United States after he exhausts his tort claim remedies with the BOP.  *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 764 (3d Cir. 1979)("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Rouse v. Plantier*, 182 F.3d at 197("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.").  Based on well-settled case law, we find futility of any amended pleading in this *Bivens* civil rights action with respect to Plaintiff's medical negligence claims against the individual employees of the BOP.  *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

## VII. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's claim for damages, insofar as it is asserted against any individual employed by the BOP at USP-Allenwood in his or her official capacity, be dismissed with prejudice.  It is recommended that Plaintiff's claim for injunctive relief in his Complaint for the Court to bar his "future confinement in any [penitentiary]" be dismissed with prejudice.  It is also recommended that Defendant BOP Allenwood be dismissed with prejudice from this *Bivens* action.

Additionally, it is recommended that all of Plaintiff's negligence claims against the unnamed individual employees of the BOP be dismissed with prejudice from this *Bivens* case, and that Plaintiff be directed to raise his negligence claims under the FTCA and only against the United States after he exhausts all of his tort claims with the BOP.

Further, it is recommended that Plaintiff be permitted to amend his Complaint to name as Defendants the BOP officials at USP-Allenwood, including the S.I.S. staff, who were personally involved with his Eighth Amendment failure to protect claim.  It is also recommended that the Plaintiff be permitted to file an Amended Complaint to state the names of the medical staff members and the SHU staff members at USP-Allenwood who allegedly failed to provide him timely and proper medical care for this stab wounds.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 28, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JOHN BRAGET,          :      CIVIL ACTION NO. **1:CV-11-2123**

                        :

        Plaintiff         :      (Judge Conner)

                        :

        v.            :      (Magistrate Judge Blewitt)

                        :

UNITED STATES BUREAU OF PRISONS  :

ALLENWOOD, et al.,         :

                        :

        Defendants    :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 28, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                                  **s/ Thomas M. Blewitt**

_____   **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**


**Dated: December 28, 2011**