IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN JOHN BRAGET,** | : | **CIVIL ACTION NO. 1:11-CV-2123** |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS ALLENWOOD,** *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 9th day of April, 2012, upon consideration of the Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 7) recommending that (1) certain of plaintiff's claims for damages and for injunctive relief be dismissed with prejudice, (2) defendant BOP Allenwood be dismissed with prejudice, (3) plaintiff's negligence claims against unnamed employees of the BOP be dismissed with prejudice, and (4) plaintiff be permitted to amend his complaint, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear error on the face of the

record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation (Doc. 7) of Magistrate Judge Blewitt are ADOPTED.

2. Plaintiff's claim for damages, insofar as it is asserted against any individual employed by the BOP at USP-Allenwood in his or her official capacity, are DISMISSED with prejudice.

3. Plaintiff's claim for injunctive relief for the Court to bar his "future confinement in any [penitentiary]" is DISMISSED with prejudice.

4. Defendant BOP Allenwood is DISMISSED with prejudice from this *Bivens* action.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

5. Plaintiff's negligence claims against the unnamed individual employees of the BOP are DISMISSED with prejudice from this *Bivens* action and plaintiff is directed to raise his negligence claims under the FTCA and only against the United States after he exhausts all of his tort claims with the BOP.

6. Plaintiff is permitted to amend his Complaint to name as defendants the BOP officials at USP-Allenwood, including the S.I.S staff, who were personally involved with his Eighth Amendment failure to protect claim. Plaintiff may file an Amended Complaint to state the names of the medical staff members and the SHU staff members at USP-Allenwood who allegedly failed to provide him timely and proper medical care for his stab wounds.

7. The instant action is REMANDED to the magistrate judge for further proceedings.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge