IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN JOHN BRAGET, | : | CIVIL ACTION NO. **1:CV-11-2123** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES BUREAU OF PRISONS, | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On November 14, 2011, Plaintiff Kevin John Braget, currently an inmate at United States Penitentiary Victorville, Adelanto, California, and formerly an inmate at the United States Penitentiary Allenwood, Pennsylvania ("USP-Allenwood"), filed, *pro se*, this *Bivens* civil rights action pursuant to 28 U.S.C. § 1331.[1]  (Doc. 1).   Plaintiff filed a 3-page form civil rights Complaint along with an attached 14-page typed Complaint.[2]  Plaintiff attached Exhibits to his typed Complaint. Plaintiff indicated that he did not file a grievance regarding his claim raised in this action.  (Doc. 1, p. 1).   Plaintiff stated that he did not file a grievance because "Tort Claim/ Staff was prejudice

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).   Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).
As Plaintiff correctly indicated, this is a *Bivens* action since he seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894 (1978).

[2] We referred to Plaintiff's 3-page form Complaint as Doc. 1 and to Plaintiff's 14-page typed Complaint as Doc. 1A.

toward me." (*Id*.). Plaintiff also indicated that the grievance process available at the prison was not completed. (*Id*.).

Plaintiff filed a Motion to Proceed *in forma pauperis*. (Doc. 2).

Plaintiff raised an Eighth Amendment failure to protect claim. Plaintiff stated that during his prior confinement at USP-Terre Haute, he had a run in with a gang called the "Warrior Society" and that inmate Allen Narcia, the "shot caller" for this gang, placed "a hit" on his head to "kill him."[3] (Doc. 1A, p. A). Plaintiff stated that a Special Investigative Services ("S.I.S.") official at USP-Terre Haute documented his federal Bureau of Prisons ("BOP") Central File with respect to this information of the threat against him by the gang and placed him the Special Housing Unit ("SHU"). Plaintiff states that he was then transferred to USP-Coleman. From USP-Coleman, Plaintiff averred that he was transferred to USP-Beaumont and then to USP-Allenwood. Plaintiff alleged that at USP-Allenwood, he was placed in general population by the S.I.S. staff, despite their knowledge that the prison had a history of inmate assaults and despite the fact that he would face members of the "Warrior Society Gang" in general population. Plaintiff averred that while at USP-Allenwood and in general population, he was placed in the yard with inmate Allen Narcia, the inmate who had allegedly placed the threat on his life at UPS-Terre Haute, despite all of the information that was in his BOP Central File showing that he had a gang separation and was threatened by the Warrior Society Gang. Plaintiff stated that he "should have never been released from the SHU at Allenwood until S.I.S. properly reviewed [his BOP] Central Files which listed all the current information" and

[3]The evidence reveals that the incident Plaintiff had with the "Warrior Society" gang at USP-Terre Haute was in June of 2005. (Doc. 51, p. 27).

the reference to his Gang Separation. (*Id.*, p. 1).

Plaintiff then averred that on November 15, 2009, while he was exiting Compound Unit 2B/2A, his assigned quarters at USP-Allenwood, he was assaulted and stabbed five times by inmate Dustin Miller. Plaintiff stated that he sustained severe injuries from the stab wounds to his neck, upper left biceps, left hand and upper chest. (Doc. 1A, p. 2).[4]

Plaintiff stated that after he was stabbed, staff at USP-Allenwood did not respond properly to his medical needs and loss of blood. Plaintiff stated that the prison staff escorted him to the medical department. Plaintiff stated that he was "misdiagnosed and placed into an unobserved cell/SHU ... ." (*Id.*, p. 3). Plaintiff averred that after 30 minutes, he had an air bubble in his left side of his neck and face, and that another inmate pressed the emergency duress button at about 1400 hours. Plaintiff averred that SHU staff failed to respond to the duress call, and that several inmates started to yell that he needed help. Plaintiff alleged that at about 1615 hours, staff finally addressed the duress call and they informed the medical department about his condition. (*Id.*). Thus, Plaintiff also raised an Eighth Amendment denial of proper medical care claim against USP-Allenwood SHU staff and medical staff.

On December 28, 2011, we screened Plaintiff's original Complaint as required by the PLRA, and we issued a Report and Recommendation ("R&R") recommending as follows:

---

[4]Plaintiff's exhibit attached to his typed Complaint showed that he was stabbed on November 15, 2009, at USP-Allenwood by inmate Dustin Miller and that Miller later pled guilty to the assault. *See U.S. v. Miller*, 4:10-CR-023, M.D. Pa. Plaintiff also attached his medical records from Geisinger Medical Center for his treatment following the November 15, 2009 stabbing incident.

that Plaintiff's claim for damages, insofar as it is asserted against any individual employed by the BOP at USP-Allenwood in his or her official capacity, be dismissed with prejudice. It is recommended that Plaintiff's claim for injunctive relief in his Complaint for the Court to bar his "future confinement in any [penitentiary]" be dismissed with prejudice. It is also recommended that Defendant BOP Allenwood be dismissed with prejudice from this *Bivens* action.

Additionally, it is recommended that all of Plaintiff's negligence claims against the unnamed individual employees of the BOP be dismissed with prejudice from this *Bivens* case, and that Plaintiff be directed to raise his negligence claims under the FTCA and only against the United States after he exhausts all of his tort claims with the BOP.

Further, it is recommended that Plaintiff be permitted to amend his Complaint to name as Defendants the BOP officials at USP-Allenwood, including the S.I.S. staff, who were personally involved with his Eighth Amendment failure to protect claim. It is also recommended that the Plaintiff be permitted to file an Amended Complaint to state the names of the medical staff members and the SHU staff members at USP-Allenwood who allegedly failed to provide him timely and proper medical care for this stab wounds.

Finally, it is recommended that this case be remanded to the undersigned for further proceedings.

(Doc. 7).

On January 26, 2012, while our Doc. 7 R&R was pending with the District Court, Plaintiff filed a Request for Extension of Time of 30 days to file "objections and corrections to satisfy" our Doc. 7 R&R. (Doc. 9). On January 30, 2012, Plaintiff filed a document entitled "Correctrions/For Bivens Documents." (Doc. 12). In his Doc. 12 filing, Plaintiff stated that he wished to remove as Defendants in his action the following, BOP, Agents, Cims separation, S.I.S., and Special Investigation Services Administrations Department. Plaintiff also stated that he wished to name as the five Defendants in his case the following, Mr. Breekbill, Captain Bloodworth, Lt. G. Nye, Sean Conlin and John Doe of the SHU staff "Number One in Charge." The Clerk of Court incorrectly docketed Plaintiff's Doc. 12 filing as his Amended Complaint.

On January 30, 2012, while our Doc. 7 R&R was pending with the District Court, Plaintiff filed a 3-sentence Motion for Appointment of Counsel. (Doc. 10).

On April 9, 2012, the District Court entered an Order which stated in relevant part as follows:

> 1.  The Report and Recommendation (Doc. 7) ... are **ADOPTED**.
>
> 2.  Plaintiff's claim for damages [against all Defendants in their official capacities] are **DISMISSED** with prejudice.
>
> 3.  Plaintiff's claim for injunctive relief for the Court to bar his "future confinement in any [penitentiary] is **DISMISSED** with prejudice.
>
> 4.  Defendant BOP Allenwood is **DISMISSED** with prejudice from this *Bivens* action.
>
> 5.  Plaintiff's negligence claims against the unnamed individual employees of the BOP are **DISMISSED** with prejudice from this *Bivens* action and Plaintiff is directed to raise his negligence claims under the FTCA and only against the United States after he exhausts all of his tort claims with the BOP.
>
> 6.  Plaintiff is permitted to amend his Complaint to name as defendants the BOP officials at USP-Allenwood, including the S.I.S. staff, who were personally involved with his Eighth Amendment failure to protect claim Plaintiff may file an Amended Complaint to state the names of medical staff members and SHU staff members at USP-Allenwood who allegedly failed to provide him timely and proper medical care for his stab wounds.
>
> 7.  The instant action is **REMANDED** to the magistrate judge for further proceedings.

(Doc. 15).

Based on the above background of this case, as discussed herein, we issued an Order on April 12, 2012, and we found Plaintiff's Doc. 9 Motion was moot and we denied it as such. Also, we directed the Clerk of Court to docket Plaintiff's Doc. 12 filing as Plaintiff's Corrections of his named Defendants in his case and not as his Amended Complaint. Further, we directed Plaintiff to file his Amended Complaint within 15 days. We also denied Plaintiff 's Motion for Appointment of Counsel. (Doc. 16).

On June 1, 2012, Plaintiff filed his Amended Complaint against Defendants Captain Bloodworth, Sean Conlin, Larry Hicks, Cory Heath, Ricardo Martinez, and Unknown Officers of Special Housing Unit. (Doc. 21). On June 6, 2012, we issued an Order and granted Plaintiff 's *in forma pauperis* motion, and directed service of Plaintiff 's Amended Complaint on the stated Defendants. (Doc. 22). Defendants were then served.

After being granted extensions of time, on November 13, 2012, Defendants jointly filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. **(Doc. 35).** On November 26, 2012, prior to Defendants filing their support brief and their Statement of Material Facts ("SMF") as required by Local Rule 56.1, M.D. Pa., Plaintiff filed his brief in opposition to Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Defendants then timely filed their brief in support of their Motion to Dismiss, or in the alternative, Motion for Summary Judgment, with attachments, on November 27, 2012. (Doc. 37). Defendants also properly filed their SMF on November 27, 2012. (Doc. 38).

Since Plaintiff prematurely filed his brief in opposition to Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment and since Plaintiff failed to file his paragraph-

by-paragraph response to Defendants' SMF, on January 3, 2013, we issued an Order and *sua sponte* gave Plaintiff ten days from the date of this Order to file a supplemental opposition brief to Defendants' Doc. 35 Motion and his response to Defendants' Doc. 38 SMF.  (Doc. 40). We also stated that the failure of Plaintiff to timely file his supplemental brief in opposition to Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 35) and to file his response to Defendants' Statement of Material Facts (Doc. 38) would result in our issuance of a Report and Recommendation regarding Defendants' dispositive motion based on Plaintiff's original opposition brief.  (Doc. 39).

On January 14, 2013, Plaintiff filed his first Motion for Extension of Time (Doc. 41) to file his supplemental opposition brief to Defendants' dispositive motion and his response to Defendants' SMF.  We granted Plaintiff a 30-day extension until February 16, 2013.  (Doc. 42).

On February 8, 2013, Plaintiff filed his second Motion for Extension of Time to file his supplemental opposition brief to Defendants' dispositive motion and his response to Defendants' SMF. (Doc. 43).   Plaintiff stated that he needed a 60-day extension of time since he was presently in transit to confinement in USP-Victorville, California.  Plaintiff indicated that he was presently confined at FCI-Butner, N.C., and that he was in route to FTC Oklahoma City, from where he would be finally transferred to  USP-Victorville.  Plaintiff also stated that he did not know when he would arrive at USP-Victorville.

Thus, we granted Plaintiff 's second Motion for Extension of Time to the extent Plaintiff was afforded a 45-day extension from February 16, 2013,  to file his supplemental opposition brief to Defendants' Doc. 35 dispositive motion and his response to Defendants' Doc. 38 SMF.  We stated

that if Plaintiff believed he would need additional time, he could file another Motion for Extension of Time. (Doc. 44). The copy of our Doc. 44 Order mailed to Plaintiff at USP-Hazelton was returned as undeliverable on February 28, 2013. (Doc. 45).

Thus, on April 11, 2013, we gave Plaintiff one last opportunity to file his supplemental opposition brief to Defendants' Doc. 35 dispositive motion and his response to Defendants' Doc. 38 SMF. (Doc. 47). We *sua sponte* granted Plaintiff an extension of time until April 22, 2013, to file his supplemental opposition brief to Defendants' Doc. 35 dispositive motion and his response to Defendants' Doc. 38 SMF. We stated that the failure of Plaintiff to file his supplemental opposition brief to Defendants' Doc. 35 dispositive motion and his response to Defendants' Doc. 38 SMF by April 22, 2013, would result in a recommendation that he be deemed as not opposing Defendants' Doc. 35 Motion and be deemed as admitting Defendants' Doc. 38 SMF pursuant to Local Rules 7.6 and 56.1, M.D.

On April 29, 2013, Plaintiff filed his Third Motion for Extension of Time requesting that he be afforded an additional 30-day extension, to file his supplemental opposition brief to Defendants' Doc. 35 dispositive motion and his response to Defendants' Doc. 38 SMF. (Doc. 48). Plaintiff stated that after his transfer to USP-Victorville, he was waiting for his personal property in order to obtain his legal files pertaining to this case. On May 1, 2013, we granted Plaintiff 's Doc. 48 Motion and gave Plaintiff one more final extension of time until May 31, 2013, to file his supplemental opposition brief to Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. 35) and, his response to Defendants' Statement of Material Facts (Doc. 38). (Doc. 50).

On May 6, 2013, Plaintiff filed his supplemental opposition brief to Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. 51). Plaintiff attached several Exhibits to his supplemental brief. Plaintiff did not file his paragraph-by-paragraph response to Defendants' Statement of Material Facts (Doc. 38). Defendants did not file a reply brief and the time to do so has expired.

Defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment **(Doc. 35)** is ripe for disposition. We have been assigned this case for pre-trial matters.

## II. STANDARDS OF REVIEW.

### A. MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler*

*v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

**B.      MOTION FOR SUMMARY JUDGMENT STANDARD**

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  The court may grant a motion  for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any

affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law. *Anderson*, 477 U.S. at 248. "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

### C. BIVENS STANDARD

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. *See Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200, n. 16 (M.D. Pa. 1992); *Mitchell v. Dodrill*, 696 F.Supp. 2d 454, 457, n. 1 (M.D. Pa. 2010)(citing *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004)). To state a claim under *Bivens*, Plaintiff must allege that he was deprived of a

federal right by a person who was acting under color of federal law. *See Young v. Keohane*, 809 F.Supp. at 1199; *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

It is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Fisher v. Matthews,* 792F.Supp.2d 745 (M.D. Pa. 2011)*(citing Rode, supra)*.

Additionally, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009).

## IV.    STATEMENT OF MATERIAL FACTS.

As mentioned, Defendants properly submitted their SMF (Doc. 38, ¶'s 1-11) with respect their alternate Summary Judgment Motion in which they contend that the undisputed evidence

shows that Plaintiff failed to exhaust his BOP administrative remedies with respect to his remaining constitutional claims raised in his Amended Complaint. Plaintiff failed to respond to Defendants' SMF. As stated, we repeatedly warned Plaintiff that his failure to file his paragraph-by-paragraph response to Defendants' Doc. 38 SMF would result in him being deemed as admitting Defendants' Doc. 38 SMF pursuant to Local Rules 7.6 and 56.1, M.D. Further, Defendants cited to evidence in the record to support each one of their SMF, ¶'s 1-11. (*See* Doc. 37-1). We find that paragraphs 1-11 of Defendants' SMF are proper material facts and are relevant to this case.[5] Since Plaintiff did not respond to ¶'s 1-11 of Defendants' SMF, we find that paragraphs 1-11 of Defendants' SMF and the material facts stated therein are undisputed. Additionally, Defendants' SMF are supported by citation to the record and, Plaintiff has not opposed any of them and cited to any relevant evidence to controvert them.

Thus, Plaintiff failed to file his paragraph-by-paragraph responses to ¶'s 1-11 of Defendants' SMF as he was required to do under Local Rule 56.1. Plaintiff also failed to submit any evidence to dispute any of Defendants' SMF. We find that Plaintiff's evidence attached to his Doc. 51 Supplemental Brief largely concerns the exhaustion of his tort claim(s) for negligence filed with the BOP under the FTCA regarding the stabbing incident at USP-Allenwood. As indicated, the Court dismissed with prejudice Plaintiff's negligence claims against the unnamed individual employees of the BOP from this *Bivens* action and, directed Plaintiff to raise his negligence claims under the FTCA and only against the United States after he exhausted all of his tort claims with the BOP.

---

[5]"Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

(Doc. 15).

Regardless, paragraphs 1-11 of Defendants' SMF (Doc. 38) are supported by the record submitted by Defendants (Doc. 37-1). Thus, we find that paragraphs 1-11 of Defendant's SMF are undisputed. *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D. Pa.(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Despite Plaintiff's failure to properly respond to Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their undisputed evidence.[6]

## V.    DISCUSSION.

As mentioned, the Court permitted Plaintiff to amend his original Complaint to name as defendants the BOP officials at USP-Allenwood, including the S.I.S. staff, who were    personally involved with his Eighth Amendment failure to protect claim. The Court also allowed Plaintiff to file an Amended Complaint to state the names of medical staff members and SHU staff members at USP-Allenwood  who allegedly failed to provide him timely and proper medical care for his stab wounds. (Doc. 15). Additionally, the Court dismissed with prejudice Plaintiff's negligence claims against the unnamed individual employees of the BOP from this *Bivens* action and, directed Plaintiff to raise his negligence claims under the FTCA and only against the United States after he exhausted all of his tort claims with the BOP.   Further, the Court dismissed with prejudice Plaintiff 's claims for damages against Defendants in their official capacities.   Defendants named in Plaintiff's

---

[6]Plaintiff was provided with a copy of the pertinent Local Rules of this Court.  (Doc. 5).

Amended Complaint are Captain Bloodworth, Sean Conlin, Larry Hicks, Cory Heath, Warden Ricardo Martinez, and Unknown Officers of Special Housing Unit.

Regarding their Doc. 35 Motion, Defendants initially argue that Plaintiff failed to exhaust his available BOP administrative remedies with respect to his remaining Eighth Amendment claims. Defendants also argue that Plaintiff cannot sue them in their official capacities in this *Bivens* action. As stated, the Court already dismissed with prejudice Plaintiff's claims for damages against Defendants in their official capacities. (Doc. 15). Thus, insofar as Plaintiff, in his Amended Complaint, again seeks damages against Defendants in their official capacities, these claims for damages should be dismissed with prejudice as the Court previously decided. *See Breyer v. Meissner*, 23 F. Supp. 2d 540, 544 (E.D. Pa. 1998); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009). The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). However, based on well-settled law, we find futility in granting Plaintiff leave to amend his damages claims against Defendants in their official capacities and, thus, these claims should again be dismissed with prejudice.

In their Doc. 35 Motion, Defendants further argue that Defendant (former) Warden Martinez should be dismissed since Plaintiff failed to allege the personal involvement of this Defendant with respect to is constitutional claims.

Since exhaustion is a threshold issue, we first discuss Defendants contention that Plaintiff did

not file any administrative remedies with the BOP regarding his instant constitutional claims.

Defendants' undisputed SMF show that Plaintiff only filed 12 administrative remedies with the BOP since he was incarcerated (as of November 2012), and that none of these administrative remedies pertain to the constitutional claim Plaintiff's raised in his instant Amended Complaint. (Doc. 38, p. 2). Defendants cite to their undisputed evidence to support their contention, namely, the Declaration of K. Michael Sullivan and Attachment 1 to it. (Doc. 37-1, pp. 3-8, Att. 1, pp. 10-18). Specifically, Sullivan avers that a review of the BOP's SENTRY computer generated BOP Administrative Remedy Generalized Retrieval was performed regarding Plaintiff 's administrative remedies filed in federal prison, and that the results showed "[Plaintiff] has only filed twelve (12) administrative remedies since he has been incarcerated." (Doc. 37-1, p. 6, ¶ 12). Sullivan also avers that "all twelve (12) of the [administrative] remedies were filed [by Plaintiff] prior to 2009 and concerned issues at institutions other than USP Allenwood; hence, they were all filed prior to the date of the incidents alleged in the amended complaint and they are not relevant to this action." (Doc. 37-1, p. 7, ¶ 14). Sullivan concludes his Declaration by averring that "[t]here is no record of any other administrative remedies filings by [Plaintiff] Braget regarding the issues he raises in [the instant] action." (Doc. 37-1, p. 7, ¶ 17).

    In their brief, Defendants conclude that since Plaintiff failed to exhaust his BOP administrative remedies with respect to his remaining Eighth Amendment claims against them, the Court should dismiss Plaintiff 's Amended Complaint or, in the alternative, enter summary judgment in their favor. Since both parties have filed exhibits which we consider and since it appears to be too late for Plaintiff to file an administrative remedy with respect to his claims which occurred in

November 2009 at USP-Allenwood, we will recommend that the Court treat Defendants' Doc. 35 Motion as one for summary judgment.

As stated above, Plaintiff indicated on the face of his original Complaint that he did not file a grievance regarding his claims raised in this action. (Doc. 1, p. 1). Plaintiff stated that he did not file a grievance because "Tort Claim/ Staff was prejudice toward me." (*Id*.). Plaintiff also indicated that the grievance process available at the prison was not completed. (*Id*.).

A prisoner is barred from bringing a civil rights action in federal court "until such administrative remedies as are available have been exhausted." 42 U.S.C. §1997e(a).

As the Courts have repeatedly held, it is well-settled that the Plaintiff inmate must exhaust his administrative remedies prior to filing a civil rights suit. *See Mitchell v. Dodrill*, 696 F.Supp.2d 454 (M.D. Pa. 2010); *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n. 9 (3d Cir. 2002). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law, including this *Bivens* action. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); Thus, the PLRA requires that inmates properly and fully exhaust administrative remedies before filing suit in federal court. *Mitchell v. Dodrill, supra*. Further, the Defendants have the burden to plead and prove exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Further, the inmate must satisfy the exhaustion requirement by completing the

administrative remedy process prior to filing an action in the federal court. *See Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64(Court stated that "most circuit courts are in agreement that a prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies *after* initiating suit in federal court.")(emphasis original)(citations omitted).

The Third Circuit has also noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Spruill v. Gillis,* 372 F. 3d 218, 228-230 (3d Cir. 2004); *see also Nyuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000).

We take judicial notice that the BOP had an administrative remedy policy at USP-Allenwood during the relevant times of this case. *See Mitchell v. Dodrill*, 696 F.Supp.2d at 463-64. Also, Defendants' evidence shows this fact. (Doc. 37-1, pp. 4-5).

In his supplemental opposition brief, Plaintiff states that he did not exhaust his BOP administrative remedies with respect to his constitutional claims in this case since "they are inadequate, unfair and futile." Plaintiff also states that the BOP's "ongoing corruption of their systemic process becomes vague." (Doc. 51, pp. 1-2). Plaintiff further states that he tried to file his administrative remedies as required by the PLRA and to exhaust his administrative remedies, but he states that "while [he was] housed in the Special Housing Unit at [USP-Allenwood], [he was] refrained from acquiring the proper channels to proceed and complete an adequate grievance dispute." (*Id.*, p. 2). Further, Plaintiff states that if he "could obtain the proper forms to file the Federal Tort Claim and grievance process, the availability of staff assistance failed to make that system truly able (sic) by transferring [him] back and forth from [USP-Alewnood] and [FCI-Allenwood] on Administrative Segregation status due to over crowding." (*Id.*). Plaintiff further states

that he could not complete all steps with respect to the exhaustion of his federal tort claim based, in part, on his transfers between USP-Allenwood and FCI-Allenwood. Plaintiff also appears to mistakenly believe that the Declaration of Sullivan pertains to his failure to have exhausted his tort claim with the BOP. (*Id.*, pp. 2-3). Additionally, Plaintiff appears to argue that his attempts to exhaust his tort claim with respect to his FTCA action was hindered by the prison staff. Plaintiff points to his Exhibits attached to his Doc. 51 Supplemental Brief as support for his conclusion that "the BOP has been trying to successfully [hinder] [his] FTCA, his respectfull (sic) grievance rights and his civil action."

As stated above, Plaintiff's Exhibits attached to his Doc. 51 Supplemental Brief appear to pertain to Plaintiff's tort claim he filed with the BOP under the FTCA regarding the alleged negligence and medical malpractice of the staff at USP-Allenwood with respect to his stabbing incident on November 15, 2009, by inmate Dustin Miller. We do not find that Plaintiff has submitted any evidence that the administrative remedy process available through the BOP, under 28 C.F.R. §§542.10, *et seq.*, with respect to his constitutional claims raised in this *Bivens* action was hindered by staff at USP-Allenwood. Plaintiff only appears to try and show through his Exhibits that his attempts to exhaust is tort claim under the FTCA were hindered by BOP staff. As stated, the Court has dismissed with prejudice Plaintiff's negligence claims from this action regarding the stabbing incident and has only allowed Plaintiff's constitutional claims against Defendants to proceed under *Bivens*. Also, as indicated above, the Declaration of Sullivan pertains to administrative remedy process available through the BOP, under 28 C.F.R. §§542.10, *et seq.*, and pertains to Plaintiff's constitutional claims raised in this action under *Bivens*.

Thus, we find Defendants' undisputed evidence demonstrates that Plaintiff failed to exhaust his BOP administrative remedies available through the BOP, under 28 C.F.R. §§542.10, *et seq.*, with respect to his constitutional claims raised in this *Bivens* action. Insofar as Plaintiff tries to argue futility with respect to the exhaustion of his constitutional claims, such an exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Spruill v. Gillis, supra*.

Finally, we agree with Defendants that Plaintiff has failed to sufficiently allege the personal involvement of Defendant Warden Martinez with respect to his constitutional claims as required. Plaintiff simply alleges in his Amended Complaint that Defendant Warden Martinez violated "Plaintiffs (sic) Eighth Amendment [rights] by allowing employees fo the [USP-Allewnood] to mistreat the sensitive information provided as [per] allegation." (Doc. 21, p. 2, ¶'s 28-30). We also agree with Defendants that Plaintiff does not mention Defendant Warden Martinez anywhere else in his Amended Complaint. Thus, it is clear that Plaintiff has only named Warden Martinez as a Defendant based on *respondeat superior*. As stated above, "vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. at 1948; *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 71 (3d Cir. 2011)("[A] government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct.").

Accordingly, we will recommend that Defendants' **Doc. 35** Motion be granted to the extent that it is a Summary Judgment Motion.

## VI.    RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Defendants' Motion to Dismiss or, for Summary Judgment **(Doc. 35)** be granted to the extent that it is a Summary Judgment Motion since Plaintiff failed to properly exhaust his BOP administrative remedies with respect to his constitutional claims against Defendants.   It is also recommended that  Judgment be entered in  favor of Defendants and against Plaintiff with respect to Plaintiff's Eighth Amendment claims against them.

Finally, it is recommended that this case be closed.




**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: June 17, 2013**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN JOHN BRAGET,                    :      CIVIL ACTION NO. **1:CV-11-2123**
                                      :
      Plaintiff          :      (Judge Conner)
                                      :
      v.                 :      (Magistrate Judge Blewitt)
                                      :
UNITED STATES BUREAU OF PRISONS,  :
 *et al.*,                            :
                                      :
      Defendants         :

## <u>NOTICE</u>

    **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 17, 2013.**

    Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge

**Dated: June 17, 2013**